**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darlene RICHARDSON, Defendant– Appellant.**

No. 03–1836.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2004.

Graham L. Teall, Detroit, MI, for Plaintiff–Appellee.

Martin J. Beres, St. Clair Shores, MI, for Defendant–Appellant.

Before KENNEDY, SUTTON, and COOK, Circuit Judges.

*ORDER*

Darlene Richardson, a federal prisoner, appeals the sentence imposed following her conviction. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to a written plea agreement with a cooperation provision, Richardson pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. § 846. At sentencing, Richardson moved for a downward departure pursuant to U.S. Sentencing Guidelines Manual § 5K2.0. The district court denied the motion and sentenced Richardson to forty-one months in prison and three years of supervised release. Judgment was entered on June 19, 2003.

On appeal, Richardson asserts that the district court erred by denying her § 5K2.0 motion without considering each sentencing factor presented, either individually or in the aggregate.

We decline to review the district court's decision not to depart downward. This

court has consistently held that "a district court's discretionary refusal to depart downward is generally not appealable, unless the district court mistakenly believed it did not have legal authority to depart downward." *United States v. Pruitt*, 156 F.3d 638, 650 (6th Cir.1998); *see also United States v. Henderson*, 209 F.3d 614, 617–18 (6th Cir.2000). "Where the district court's sentencing decision evinces a purposeful decision not to depart downward, however, it is not appealable." *United States v. Strickland*, 144 F.3d 412, 418 (6th Cir.1998). The district court need not explicitly state that it is aware of its discretionary authority to depart downward; the record need only make clear the court's awareness of its discretion. *Id.; see also United States v. Owusu*, 199 F.3d 329, 349 (6th Cir.2000). But where the record does not provide any reason to doubt that the district court properly understood its discretion, this court will assume that the district court did understand its discretion. *United States v. Ford*, 184 F.3d 566, 585 (6th Cir.1999).

The sentencing hearing transcript reveals that the district court's denial of the downward departure motion was a purposeful decision made with full awareness of its discretion. In denying the motion, the district court remarked:

> The Court has reviewed the defendant's sentencing memorandum and has heard the argument today seeking a downward departure pursuant to 5K2.0. The Court does not believe that a downward departure under 5K2.0 is warranted in this case. The Court does not believe that this case is outside the heartland of the cases covered by the guidelines. Whether or not the defendant can ultimately get a reduction of the sentence the Court will impose pursuant to Rule 35 is, of course, something that the government and the defendant can deal with at a later date. But at this point the Court does not believe that there

exists, in this Court's judgment, any basis for a downward departure from the sentencing guideline and that guideline, as the Court recalls, is a guideline of 41 to 51 months.

The district court's comments indicate that it understood that it could depart, but declined to do so.

Accordingly, the district court's judgment is affirmed.